UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALISA NATHAN, on behalf of herself and all other employees similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> MAGARET O'LEARY, INC, MARGARET O'LEARY and BILL GREEN, <br><br> Defendant. | Case No. <br><br> Judge <br><br> Magistrate Judge |

## COMPLAINT

Plaintiff, Alisa Nathan, ("Nathan"), by her attorneys, Gaffney & Gaffney P.C., on behalf of herself and all similarly situated employees, known and unknown, for her Complaint against Defendants, Margaret O'Leary, Inc. (the "Company"), Margaret O'Leary ("O'Leary) and Bill Green ("Green"), states:

### Jurisdiction and Venue

1. This action is brought pursuant to the Fair Labor Standards Act, ("FLSA"), (29 U.S.C. § 201, *et. seq.*) to recover unpaid wages. This Court has arising under jurisdiction over Nathan's FLSA claim pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216 (b).

2. The Court also has supplemental jurisdiction over Nathan's state law claims for violation of the Illinois Minimum Wage Law, ("IMWL"), (820 ILCS 105/1, *et. seq.*), pursuant to 28 U.S.C. § 1367, which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

3. Venue for this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 USCS § 1391, as this claim arose in this Judicial District in Chicago, Cook County, Illinois.

**Parties**

4. Nathan is a resident of Cook County, Illinois and a current employee of the Company.

5. The Company is a California Corporation authorized to do business in the State of Illinois and doing business at a store location in Chicago, Cook County, Illinois. The Company's corporate office is at 50 Doorman Ave., San Francisco, California. The Company has approximately fifteen (15) retail stores including nine (9) in California, one (1) in Denver, one (1) in Boston, one (1) in Portland, two (2) in Seattle and one (1) in Chicago where Nathan was employed. Company engages in a substantial amount of interstate commerce.

6. O'Leary is the President and Chief Executive Officer of the Company.

7. Green is the Chief Financial Officer of the Company. Green and O'Leary are husband and wife.

**Collective Action Under the FLSA**

8. Nathan bring this case as a Collective Action under the FLSA on behalf of herself and the Collective Class, and in accordance with Section 16(b) of the FLSA, Nathan has given written consent to bring such an action which is attached as Exhibit A.

**Common Allegations**

9. Nathan was hired by the Company on or about August 9, 2015 as a Chicago Store Salesperson and was given the title Assistant Store Manager. Her primary duties and

responsibilities were merchandising and customer sales. Nathan left the employment of the Company on February 27, 2019.

10. At hire, Nathan was paid a salary of $40,000.00. On or about March 3, 2016, Nathan received a raise increasing her salary to approximately $42,000.00 per year.

11. On or about September 2, 2016, Nathan was given the title Store Manager, but her duties and responsibilities remained substantially the same. On or about October 13, 2016, Nathan was awarded a raise increasing her salary to approximately $47,000 per year.

12. On or about March 16, 2017, Nathan was given another raise increasing her annual salary to approximately $52,000.00.

13. Subsequently, on or about December 7, 2017, Nathan received a raise increasing her salary to approximately $58,000.00 per year.

14. On or about October 11, 2018, Nathan was awarded a raise, again, increasing her annual salary from the Company to approximately $62,000.00.

15. From on or about December 2016 to July 2018, Nathan regularly received a monthly bonus.

16. For a period in excess of three (3) Nathan regularly worked either alone or in conjunction with one other Sales Associate merchandising and selling clothing items at the Company's Chicago location.

17. For substantial periods of time, Nathan worked seven (7) days a week and approximately eighty (80) to ninety (90) hours per week.

18. Nathan worked in conjunction with one other Sales Associate for other periods of time and when she did so, Nathan worked approximately fifty-five (55) to sixty-five (65) hours per week. Nathan regularly clocked in and clocked out in the Company's ADP Payroll system.

**Count I – FLSA Action**

Nathan, by her attorneys Gaffney & Gaffney, P.C., for her Count I Complaint brought pursuant to the Fair Labor Standards Act ("FLSA") against the Company, states:

1-18. Nathan incorporates herein Paragraphs 1 through 18 of the above Common Allegations as Paragraphs 1 through 18 of this Count I as if fully set forth herein, verbatim.

19. At all times relevant, the Company had fifteen (15) or more employees, and its annual volume of sales or business exceeded $500,000.

20. At all times relevant, Nathan was an "employee" of the Company as defined by the FLSA. 29 U.S.C. § 203(e).

21. At all times relevant, the Collective Class are/were "employees" of the Defendants as defined by 29 U.S.C. § 203(e).

22. At all times relevant, the Company was an "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

23. Nathan worked in excess of forty (40) hours per week on a regular basis and the Company directed or knowingly permitted Nathan to regularly work in excess of forty (40) hours per week.

24. Nathan was routinely paid a salary plus bonus but she was never paid for her overtime hours.

25. Nathan was entitled to be paid overtime wages at the rate of one and one-half times her regular rate of pay for all her hours worked in excess of forty (40) hours per week.

26. The Company, O'Leary and Green violated the FLSA by failing to pay Nathan an overtime rate of not less than one and one-half times her regular rate for all of hours worked in excess of 40 per week.

27. The Company's failure to pay overtime wages for Nathan's hours worked in excess of 40 hours per week was a willful violation of the FLSA. O'Leary and Green knew Nathan was entitled to receive overtime wages and they were personally responsible for not authorizing or paying her overtime wages due. Defendants were aware of many complaints by employees and former employees, such as Nathan, of the Company stores being under-staffed, excessive hours, low salary compared to excessive hours worked and no ability to take time off due to low staffing and management demands. By way of example, at least 10 or more former employees posted negative remarks of this nature on the public website employees use for references called "Glassdoor". Until January 2019, Defendants required Nathan and similarly situated employees to register their hours worked daily through the ADP system and Defendants had access to those records.

28. In addition to wages due and owing, Nathan is also entitled to an award of liquidated damages in an amount equal to the amount of unpaid wages due, attorney fees, litigation expenses and costs of suit.

29. Nathan demands trial by Jury on Count I.

WHEREFORE, Nathan respectfully requests on her own behalf and on behalf of the Collective Class that this Honorable Court declare the Company, O'Leary and Green be in violation of the FLSA and to:

    a. Enter a judgement in the amount of unpaid wages and overtime wages for all time worked by Nathan and others in the Collective Class for work performed in excess of forty (40) hours in individual work weeks and wages due for unpaid hours;

    b. Award liquidated damages to Nathan and others in the Collective Class in an amount equal to the amount of unpaid wages;

    c. Award attorneys' fees and costs; and

    d. Grant such additional or alternative relief as this Honorable Court deems just and proper under the instant circumstances.

### Count II – Illinois Minimum Wage Law, ("IMWL"), Action

Nathan, by her attorneys, Gaffney & Gaffney P.C., for her Count II Complaint brought pursuant to the IMWL against the Company, states:

1-29. Nathan incorporates herein Paragraphs 1 through 29 of the above Count I as Paragraphs 1 through 29 of this Count II as if fully set forth herein, verbatim.

30. At all times relevant, Nathan was an "employee" of the Company as defined by the IMWL. 820 ILCS 105/3(d).

31. At all times relevant, the Company was an "employer" as that term is defined by the IMWL. 820 ILCS 105/3(c).

32. This Count arises from the Company's failure to pay Nathan overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

33. The Company violated the IMWL by failing to pay Nathan overtime wages at a rate at one and one-half times her regular rate of pay for hours worked in excess of 40 hours per week.

34. O'Leary and Green knowingly permitted, allowed and directed the Company to not pay Nathan her overtime wages.

35. Nathan does not have a claim pending with the Illinois Department of Labor against the Company.

36. Pursuant to 820 ILCS 105/12(a), Nathan is entitled to recover from the Company unpaid wages for three years prior to the filing of this suit plus penalties, attorney fees and costs of this action.

37. Nathan demands trial by Jury on Count II.

WHEREFORE, Nathan respectfully requests that this Honorable Court declare the Company, O'Leary and Green to be in violation of the IMWL and is responsible for the following:

    a. A judgement in the amount of all wages due to Nathan for all hours worked and calculated properly with time and one-half due for all hours worked in excess of 40 per week as provided by the IMWL

    b. Award statutory damages for Nathan pursuant to the formula set forth in 820 ILCS 105/12(a) and 815 ILCS 205/2;

    c. Award attorneys' fees and costs of this action as provided by the IMWL; and

    d. Grant such other and further relief as this Honorable Court deems just and proper under the instant circumstances.

Respectfully submitted,

*/s/ Glenn R. Gaffney*_____
Glenn R. Gaffney
One of Alisa Nathan's Attorneys

## **JURY DEMAND**

Nathan demands trial by Jury on all Counts.

                        */s/ Glenn R. Gaffney*
                        Glenn R. Gaffney
                        One of Alisa Nathan's Attorneys

Glenn R. Gaffney (6180598)
Joseph F. Kwiatkowski (6322644)
Gaffney & Gaffney P.C.
1771 Bloomingdale Road
Glendale Heights, IL 60139
(630) 462-1200
*glenn@gaffneylawpc.com*
*jk@gaffneylawpc.com*